UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ronald Futterman, <br><br> Plaintiff, <br><br> v. <br><br> United Employee Benefit Fund, et al., <br><br> Defendants. | Case No. 20-cv-6722 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this case under the Employee Retirement Income Security Act of 1974 (ERISA) against an employee benefit fund, the fund's trustees, and the fund's plan administrator alleging that they breached their fiduciary duties, failed to provide him documents upon written request, and failed to terminate the fund in contravention of a governing trust agreement. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [14]. For the reasons explained below, this Court denies Defendants' motion.

**I. Background**

This Court accepts as true the following factual allegations from the complaint [1]. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

Plaintiff participates in the United Employee Benefit Fund (Fund) which, until Plaintiff turns ninety years old, entitles his beneficiaries to a death benefit worth between $1 million and $1.5 million. [1] ¶ 1. Plaintiff is currently seventy-seven years old. *Id.*

1

Defendant Fund constitutes an "employee benefit plan" under Section 3(3) of ERISA, 29 U.S.C. § 1002(3). *Id.* ¶ 9. Defendants Gary Meyers and John Fernandez serve as the Fund's Board of Trustees. *Id.* ¶ 11. The Board has, at all relevant times, been the plan administrator and plan sponsor of the Fund. *Id.* The Board appointed Defendant David Fensler to act on its behalf as plan administrator in connection with day-to-day operations and administration of the Fund. *Id.* ¶ 14. Certain plan documents—such as the summary plan description (SPD) and the trust agreement— govern Plaintiff's Fund benefits and other rights concerning the Fund. *Id.* ¶¶ 3, 15, 34, 42.

On or around May 21, 2020, Plaintiff received a letter dated May 11, 2020 from Trustee Meyers. *Id.* ¶ 39. The letter stated, in relevant part, that "for participants 65 and over there will be a 30% reduction of their life insurance death benefit." *Id.* Because he believed that the Fund had no right or authority to reduce his benefit, Plaintiff began to write letters to Defendants, asking them to provide his plan documents and requesting an explanation regarding the basis and authority for the reduction in benefits. *Id.* ¶ 42. Plaintiff claims that his repeated efforts to obtain necessary documents proved futile and that he received only some documents. *Id.* Plaintiff also claims he received some documents more than thirty days after his requests. *Id.*

Plaintiff also alleges that a 2020 annual statement for his life insurance policy revealed a loan balance in the amount of $2,769.61 despite never requesting a loan. *Id.* ¶¶ 73–74. As of the filing of Plaintiff's complaint, neither Fensler nor anyone else

has provided any information to Plaintiff about the reason for the loan balance. *Id.* ¶ 76.

Plaintiff additionally asserts that he discovered other improprieties which could threaten his rights to, or value of, his death benefit. *Id.* ¶ 77. Specifically, Plaintiff alleges that the trust agreement requires that the Fund terminate when there are no more employers required to make contributions to the Fund, and as of 2018, there were no longer any employers with such an obligation. *Id.* ¶ 92. Plaintiff thus claims that the Fund trustees have failed to terminate the Fund in accordance with the Trust Agreement. *Id.* ¶ 92.

Plaintiff brings a four-count complaint under ERISA to redress his alleged statutory injuries. Count I alleges a failure to provide plan documents against Defendants Fensler, Meyers, and Fernandez under ERISA section 104(b)(4); Count II alleges breach of fiduciary duty against all Defendants based upon their purported failure to administer the Fund in accordance with governing documents; Count III alleges breach of fiduciary duty against Meyers, Fernandez, and Fensler based upon the reduction of Plaintiff's death benefit; and Count IV alleges failure to terminate the trust in accordance with the trust agreement against all Defendants.

Defendants have moved to dismiss all claims against them. [14].

## II. Legal Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual

information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020). A plaintiff need not plead "detailed factual allegations," but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi*cago, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek*, 8 F.4th at 586–87 (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

4

### III. Analysis

#### A. Exhaustion of Administrative Remedies

Defendants first argue that Plaintiff's claims should all be dismissed for failure to exhaust mandatory administrative remedies available under the Plan. [14] at 6–7.

ERISA requires benefit plans to implement administrative dispute resolution processes. *Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 348 (7th Cir. 2019); 29 U.S.C. § 1133. Although ERISA's text is silent on the issue, the Seventh Circuit has long "interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Id.* (quoting *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012)); *see Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002) ("As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies."). Failure to exhaust is, however, not an element of an ERISA claim but rather an affirmative defense. *Lange v. The Univ. of Chi.*, No. 15 C 7303, 2015 WL 7293588, at *2 (N.D. Ill. Nov. 19, 2015). Accordingly, this Court can only dismiss an ERISA case for failure to exhaust if it appears that way from the face of the complaint. *Id.*

There is no dispute that an administrative process exists in this case. The trust agreement governing the Fund provides: "All questions or controversies of any kind arising between any parties or persons in connection with the Trust or its operation, whether as to any claim for benefits, the construction of this Agreement, the Plans of Benefits, or any decision, or accounts in connection with the operation of

the trust, shall be submitted to the Trustees for decision." [1-1] at 21. The allegations here suggest that Plaintiff sufficiently exhausted this process.

Plaintiff submitted his written dispute concerning the Trustees' decision and authority for reducing his benefits by letter to Trustee Meyers, and emailed a copy to the Plan Administrator, Fensler, on May 22, 2020. [1] ¶ 42. He also invoked his right under ERISA to receive pertinent documents within 30 days of his written request. *Id.* ¶¶ 42–43. Plaintiff also set forth a list of questions about the Trustees' decision in an email on June 9 to Fensler, noting that Meyers had not responded to him. *Id.* ¶¶ 45–46. Plaintiff emailed Fensler again on July 6 noting that Meyers had failed to respond to his May 22 letter. *Id.* ¶ 48. On July 8, Fensler told Plaintiff he forwarded Plaintiff's questions to Fund counsel. *Id.* ¶¶ 58–59. On July 17, Plaintiff received another notice about his benefit cut, stating that "inquiries should be directed to" Fund counsel. *Id.* ¶ 63. Following this notice, Plaintiff communicated with Fensler, and Fensler disclosed that Defendants had not reviewed Plaintiff's life insurance policy when deciding to reduce benefits by 30%. *Id.* ¶ 70. Fensler also never responded to Plaintiff's inquiries about the loan balance on his annual statement. *Id.* ¶ 75. Thus, construing all allegations in Plaintiff's favor, it appears that Plaintiff did submit "questions and controversies" to the trustees "for decision," and the trustees never responded. His actions sufficiently satisfied the trust agreement's administrative process.

Defendants also invoke an administrative procedure for claim resolution found in the SPD, arguing that Plaintiff did not satisfy a multi-step review and appeals

6

process set forth therein. The SPD states: "Prior to filing a claim for benefits and exhausting his or her rights to review . . . , your beneficiary will not be able to seek review of a denial of benefits or to bring any action in any court to enforce a claim for benefits." [1-1] at 43. The Plan then outlines a process for submitting a claim and then for appealing a denial of a claim. *See id.* at 44 ("If a claim is denied, in whole or in part, your beneficiary has the right to request that the Plan Administrator review the denial."). *Id.* at 44. Defendants argue that Plaintiff never went through this multi-step administrative process. But as Plaintiff points out, that process, by its plain terms, applies only to beneficiaries, and Plaintiff is not a beneficiary but rather a Plan participant. *See* [1] ¶ 1. The SPD's administrative review procedure therefore is inapplicable to Plaintiff.

For these reasons, this Court declines to dismiss the complaint based upon a failure to exhaust.

**B.      Pleading Relief for Breach of Fiduciary Duty in the Alternative**

In Counts II and IV, Plaintiff has asserted breach of fiduciary duty claims and has requested relief under ERISA section 502(a)(1)(B), as well as equitable relief under section 502(a)(3) and section 502(a)(2). Section 502(a)(1)(B) authorizes a participant to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(3) permits civil actions to be brought "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate

equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). In *Varity Corporation v. Howe*, the Supreme Court held that the equitable relief contemplated under section 502(a)(3) is available only when ERISA does not otherwise elsewhere provide "adequate relief." 516 U.S. 489, 515 (1996).

Against this statutory backdrop, Defendants contend that Plaintiff's breach of fiduciary duty claims fail because he impermissibly asserts recovery under both section 502(a)(3) and section 502(a)(1)(B). [14] at 8–10. True, at the conclusion of the suit, "a plaintiff is not entitled to equitable relief for claims already covered by the statute, such as a claim to recover benefits owed under a plan." *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 195 (N.D. Ill. 2020). But this case is still at the pleadings stage. District courts in this circuit permit plaintiffs to plead claims under both subsections as alternative theories. *Id.* (collecting cases); *see also Crista v. Wis. Physicians Serv. Ins. Corp.*, No. 18-CV-365-WMC, 2021 WL 3511092, at *18 (W.D. Wis. Aug. 10, 2021). This Court declines to dismiss Counts II and IV due to Plaintiff's pleading of alternative theories of relief.

**C. Ripeness**

Defendants argue that Plaintiff's breach of fiduciary duty claims in Counts II–IV are unripe because the Plan only provides benefits payable to beneficiaries upon Plaintiff's death, and Plaintiff is still alive. [14] at 7–8. This argument lacks merit because it erroneously assumes that a participant or beneficiary must have an immediate claim to a benefit in order to sue under ERISA. To the contrary, ERISA

8

allows any "participant or beneficiary" to "bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (emphasis added). Thus, as a plan participant, Plaintiff can sue "even if benefits are not presently due." *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 846 (N.D. Ill. 2006).

### D. Plan Documents Pursuant to a "Written Request"

Defendants next move for dismissal of Plaintiff's claim in Count I pursuant to 29 U.S.C. § 1024(b)(4). [14] at 10. Section 1024(b)(4) requires an administrator, upon written request, to furnish a beneficiary with certain plan documents. *Killian v. Concert Health Plan*, 742 F.3d 651, 658 n.23 (7th Cir. 2013); *see* 29 U.S.C. § 1024(b)(4) ("The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.").

Defendants argue that Plaintiff never submitted a "written request" for documents to a plan administrator because the complaint alleges that Fensler (the plan administrator) was merely copied by email on a May 22, 2020 letter Plaintiff sent to Meyers requesting copies of the CBA, union documents, and trust documents. [14] at 11; *see* [1] ¶ 43. No authority exists for the notion that a carbon copy to the plan administrator fails to satisfy "written request" requirement. And in any event, Plaintiff's email requests for documents following the May 22 communication

9

addressed Fensler directly. *See* [1] ¶ 45 (June 9 email to Fensler requesting union documents), ¶ 47 (June 26 email to Fensler requesting a follow-up to his May 22 letter and June 9 email)), ¶ 48 (July 6 email to Fensler concerning the failure to respond to Plaintiff's May 22 letter).

Defendants also incorrectly suggest that Plaintiff's email communications cannot qualify as "written" requests. [14] at 12. An email is plainly a form of written communication, and the Seventh Circuit has affirmed penalties against an administrator who failed to respond to an emailed request for a summary plan document in a timely fashion. *See Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 509 (7th Cir. 2011).

Defendants also argue that Plaintiff sought a larger universe of documents than contemplated under section 1024(b)(4). [14] at 12. To be sure, Plaintiff requested an "explanation regarding the basis and authority for the reduction in benefits" and "Union Documents," and these requests may fall outside of the scope of section 1024(b)(4). But Plaintiff also asked for the master bargaining agreement and trust documents. [1] ¶¶ 43, 49. Those documents fall squarely under section 1024(b)(4).

Finally, Defendants contend that Plaintiff does not allege prejudice or detrimental reliance based upon their failure to provide documents. [14] at 13. This argument also lacks merit. Section 1024(b)(4) does not require a plaintiff to plead and prove prejudice or detrimental reliance. *See Mondry v. Am. Fam. Mut. Ins. Co.*,

10

557 F.3d 781, 806 (7th Cir. 2009); *Harsch v. Eisenberg*, 956 F.2d 651, 662 (7th Cir. 1992).

## IV. Conclusion

For the reasons stated above, the Court denies Defendants' motion to dismiss. [14]. Defendants are ordered to answer the complaint by November 23, 2021.

E N T E R:

*Mary M Rowland*

Dated: November 5, 2021

MARY M. ROWLAND
United States District Judge